UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JAMES EUGENE STOREY, | ) | |
| Petitioner, | ) | 3: 06-cv-0658-ECR-RAM |
| vs. | ) | |
| STEPHANIE HUMPHREY, *et al.,* | ) | **ORDER** |
| Respondents. | ) | |

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which petitioner, a former state prisoner, is proceeding *pro se*. This case is before the court for decision on the merits.

**PROCEDURAL HISTORY**

On April 27, 2005, petitioner was convicted of manufacturing and trafficking a controlled substance in the Eighth Judicial District Court, Clark County. (Docket #12-2, Exhibit 5.) Following petitioner's direct appeal of his conviction, the Nevada Supreme Court affirmed the conviction on November 17, 2005. (Docket #12-3, Exhibit 6.) On May 12, 2006, petitioner filed a post-conviction petition for writ of habeas corpus in the Eighth Judicial District Court. (Docket #12-3, Exhibit 8.) On August 1, 2006, the trial court denied the petition. (Docket #12-4, Exhibit 9.)

On September 5, 2006, petitioner filed a notice of appeal of the trial court's denial of his petition. (Docket #12-4, Exhibit 10.)   On February 28, 2007, the Nevada Supreme Court issued an order of affirmance.  (Docket #18-11, Exhibit 25.)

Petitioner's federal petition for writ of habeas corpus was received by this court on December 1, 2006.  (Docket #1.)   Respondents filed a motion to dismiss on February 28, 2007 (Docket #12), which this court denied as moot on July 19, 2007 (Docket #15).   Pursuant to court order, respondents filed an answer on October 4, 2007.  (Docket #18.)

## LEGAL STANDARDS

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,* 522 U.S. 1008, 118 S.Ct. 586 (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after the enactment of the AEDPA, thus it is governed by its provisions.

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. *Williams v. Taylor*, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28

U.S.C. § 2254(d); *Lockyer v. Andrade*, 123 S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in *Van Tran v. Lindsey*, 212 F.3d 1143 (9th Cir. 2000)); *Williams v. Taylor*, 120 S.Ct. 1495, 1523 (2000). "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Lockyer*, at 1174 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); *Harris v. Nelson*, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. *Brecht v. Abrahamson*, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993). In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Purkett v. Elem*, 514 U.S. 765, 115 S.Ct. 1769 (1995); *Thompson v. Keohane*, 516 U.S. 99, 116 S.Ct. 457 (1995); *Langford v. Day*, 110 F.3d 1380, 1388 (9th Cir. 1997).

## DISCUSSION

In ground one, petitioner contends that his fourth amendment rights relating to searches, seizures and warrants were violated. Petitioner's entire discussion of ground one is as follows:

> Initial search of residence lacked search warrent [sic]. Officers justified entry on exigent circumstances however later testified nothing was dangerous or cooking in preliminary statements. Page 20 line 10. Issues are raised in W.O.H.C. and direct appeal.

(Docket #6, p. 3.)

In addressing this issue on direct appeal, the Nevada Supreme Court held as follows:

> First, Storey claims that the district court erred when it denied his pretrial petition for a writ of habeas corpus. In his petition, Storey contended that the initial intrusion into his apartment was unconstitutional, that observations made during this

intrusion formed the basis for a search warrant, and therefore evidence seized during the execution of the search warrant was tainted and must be suppressed. Storey specifically argued that because he was arrested outside of his apartment, the initial warrantless intrusion into the apartment could not be justified by exigent circumstances.

During Storey's preliminary hearing, Officer Michael Beitel testified that he and Officer Thomas Stoll went to Storey's apartment to investigate an allegation of petty larceny. When Storey opened the door, Officer Beitel detected an order that he knew from his training and experience was associated with methamphetamine production. Officer Beitel detained Storey and Officer Stoll entered the apartment to search for other occupants. After clearing the residence, the officers informed the dispatcher that they had encountered a methamphetamine laboratory and asked her to contact the narcotics detectives. Under these facts, we conclude that the warrantless intrusion into the apartment was necessary to prevent physical harm to the officers and other persons and the destruction of relevant evidence. [Footnote omitted.] Therefore, the district court did not err in denying Storey's pretrial habeas petition.

(Docket 12-2, Exhibit 6, p. 1-2.)

In ground two, petitioner contends that his fifth amendment rights affecting criminal proceedings and due process were violated. Petitioner's entire discussion of ground two is as follows:

> A. State allowed other arrests and criminal history in trial as bad acts. It was allowed in the states [sic] motion to consolidate not the required Petrocelli hearing. Attourney [sic]] for defendant should have sought pre-trial motions in limine for such testimony also raised in post conviction W.O.H.C.
> B. White supremecists [sic] materials were allowed info [sic] evidence. Trial attourney [sic] should have sought pre-trial motion in limine.
> C. Immflamatory [sic] evidence affected due process at trial.
>
> All issues are raised in direct appeal and post conviction writ of habeas corpus.

(Docket #6, p. 5.)

In addressing these issues on direct appeal, the Nevada Supreme Court held as follows:

> Second, Storey claims that the district court erred when it determined <u>sua sponte</u> that the State could present evidence obtained in an unrelated case because the evidence was probative to the issues of a common scheme or plan and the absence of mistake. Our review of the record reveals that the district court conducted a <u>Petrocelli</u> hearing [footnote omitted], considered the factors required by <u>Tinch</u> [footnote omitted], and concluded that the danger of unfair prejudice did not substantially outweigh the probative value of the evidence.
> We conclude that the district court did not commit manifest error [footnote omitted], and that any danger of unfair prejudice was alleviated when the jurors were instructed that the evidence was to be considered "only for the limited purpose of

4

> proving the defendant's opportunity, intent, motive, plan, knowledge, identity or absence of mistake or accident: and not to show criminal predisposition. [Footnote omitted.] Therefore, the district court did not err in permitting the State to admit other bad act evidence.
>
> Third, Storey claims that the district court erred by denying his motion to strike evidence of other bad acts.  In his motion, Storey contended that this evidence was obtained during an illegal pretextual traffic stop and as a result of an improper custodial interrogation, and he argued that it should have been suppressed under the exclusionary rule.
>
> Officer Christopher Cannot testified that he initiated the traffic stop after determining that the car was a rental and its license plates had expired.  Because Storey was unable to produce a rental agreement and proof of current insurance coverage, Officer Cannon decided to have the car towed and asked Storey to get out of the car.  Storey's nervous behavior and his repeated statements that he need to go, along with the fact that Officer Cannon was alone in [a] high crime neighborhood, created a dangerous situation that prompted Officer Cannon to place Storey in handcuffs.  While conducting an inventory search of the car, Officer Cannon found a paper bag on the floorboard and asked Storey if the bag was his.  Officer Cannon opened the bag after Storey Acknowledged that it was his.  The bag contained red phosphorus, methamphetamine, and pseudoephedrine.
>
> We conclude that Officer Cannon had a valid reason for initiating the traffic stop [footnote omitted], that ordering Storey out of the car and placing him in handcuffs was an appropriate precautionary measure and did not convert the traffic stop into an arrest [footnote omitted], and that Officer Cannon's question about the ownership of the paper bag was not an interrogation. [Footnote omitted.] Therefore, the district court did not err in denying Storey's pretrial motion to suppress.

(Docket # 12-2, Exhibit 6, p. 2-4.)

In ground three, petitioner contends that his fourteenth amendment right to "representation" was violated.   Petitioner's entire discussion of ground three is as follows:

> Denied due process of law.  Issues were raised in post conviction writ of habeas corpus and appointment of counsel.  I am indigent and have little if any knowledge of law.  I am intitled [sic] to effective assistance of counsel.

(Docket #6, p. 7.)

In ground four, petitioner contends that he was denied his sixth amendment right to "due process or effective assistance of counsel."  Petitioner's entire discussion of ground four is the statement that "issues are raised in post conviction writ of habeas corpus." *Id*.

In addressing the issue of ineffective assistance of counsel in petitioner's appeal from the denial of his post-conviction petition for writ of habeas corpus, the Nevada Supreme Court held as follows:

> Appellant claimed that his trial counsel was ineffective for failing to move the court for the exclusion of (1) prior bad acts and (2) a police statement regarding white supremacist materials found at appellant's residence. Our review of the record on appeal reveals that these claims are belied by the record. [Footnote omitted.] Counsel did object to the admission of this evidence. [Footnote omitted.] Additionally, this court held on direct appeal that the district court did not err in permitting the admission of prior bad act evidence. Further, this court held that the witness's remark regarding white supremacist materials had been cured and that the remark was harmless. Therefore, appellant failed to demonstrate that his counsel's performance was deficient or that he was prejudiced. Thus, the district court did not err in denying these claims.

(Docket #18-11, Exhibit 25, p. 2-3.)

The court has reviewed petitioner's contentions, the totality of which are set forth above. The court finds that petitioner has not carried his burden of demonstrating that the Nevada Supreme Court's adjudication of his claims "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d). Accordingly, the court finds that petitioner has not established any basis for habeas corpus relief.

**IT IS THEREFORE ORDERED** that this petition for writ of habeas corpus is **DENIED.** The Clerk is directed to enter judgment for respondents and to close this case.

DATED this 30th day of September, 2009.

*Edward C. Reed*

UNITED STATES DISTRICT JUDGE